## BROPHY, ASSIGNEE, *v.* McGURK.

*Specific performance—Written contract to sell realty—Partial consideration paid—Agreement not consummated within stipulated time—Extension or waiver of performance.*

Specific performance for the sale of real property will be denied in an action brought upon a written contract specifying the consideration to be paid and that the agreement was to be consummated on or before sixty days from its date, although a part of the purchase price was paid at the time the contract was entered into, where the contract was not consummated within the sixty-day period and there was no memorandum in writing signed by the parties agreeing to extend the time of performance and no allegation or proof that might be considered a waiver of the performance of the contract on or before the time specified for performance.

(Decided July 6, 1921.)

APPEAL: Court of Appeals for Cuyahoga county.

*Messrs. Blackett & Brophy* and *Messrs: Dowling & Dowling,* for plaintiff.
*Mr. B. A. Gage* and *Mr. James W. O'Hara,* for defendant.

BY THE COURT. Plaintiff, as assignee of the Euclid Mansions Company, stated in the amended petition filed in this court that he was the equitable and beneficial owner of the real estate described in the petition; that on December 15, 1917, Marian I. McGurk entered into a written contract with F. B. Arnold, by the terms of which she agreed to sell and Arnold to buy said real estate; that the consideration stated in the contract was $7,500, of which $1,500 was paid at the time of entering into the con-

tract; that said agreement was to be consummated on or before sixty days from its date; that Arnold transferred this contract to the Euclid Mansions Company; and that at the expiration of said time the Euclid Mansions Company and McGurk entered into negotiations for the purchase and sale of said property on other terms and conditions than those stated in the original contract. The petition stated that one of the conditions of the new agreement contemplated the cancellation of the original agreement; that neither of the parties to the original agreement insisted upon or demanded that it be performed. Plaintiff claims that this amounted to a waiver of performance of that agreement.

In June, 1919, the parties having failed to reach a new agreement, plaintiff offered to proceed under the original agreement, but McGurk declined. On September 22, 1920, when their cause was for trial in the court of common pleas, plaintiff tendered the defendant the sum of $6,000, and offered to tender any additional sum that might be due, or that might be found due by the court. McGurk refused this tender.

Plaintiff prays that the defendant, McGurk, be ordered to set up the amount due her, that he be permitted to pay the same, and that she be ordered to execute and deliver a deed for said property to said company's legal representative.

In this court, after counsel for plaintiff had stated his cause, counsel for defendant moved for judgment on the opening statement of the case, and the allegations of the petition. The statement of counsel was not reduced to writing. One important question might arise in the absence of such written statement. This court will, therefore, consider that

part of the motion which asked for judgment on the allegations of the petition.

The petition admits that the original contract was not consummated within sixty days from its date. The petition does not state any terms or conditions or any facts from which the court would be authorized to infer a consideration for the new contract, or that might be considered a waiver of the performance of the original contract on or before the time specified for its performance. Nor was any consideration stated for an extension of a renewal of the original agreement. Neither was there any memorandum, in writing, signed by the parties, extending the time for the performance of the original contract. The statement in the petition that the parties entered upon a long series of negotiations for the sale of the property on other terms and conditions does not *ipso facto* continue the contract in force, nor will it excuse the plaintiff for his failure to pay the money and demand a deed within the time specified in the original contract.

Motion for judgment on the petition will therefore be granted.

*Judgment for defendant on the pleadings.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges WASHBURN, VICKERY and INGERSOLL of the Eighth Appellate District.